IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD ALAN YORK                                                                      PLAINTIFF

v.                                          Civil No. 12-3121

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Richard York, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.   **Procedural Background:**

The Plaintiff filed his applications for DIB and SSI on November 18, 2009, alleging an onset date of May 31, 2003, due to asthma, psoriasis, obsessive-compulsive disorder ("OCD"), mood disorder/bipolar disorder, and dependent personality disorder.  Tr. 116-130, 152, 210.  His claims were denied both initially and upon reconsideration.  Tr. 65-73.  An administrative hearing was then held on December 1, 2010.  Tr. 26-64.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 48 years of age and possessed an eleventh grade education. Tr. 31. He had past relevant work ("PRW") experience as a machinist. Tr. 31, 153, 159-186.

On June 16, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's asthma, obsessive-compulsive disorder ("OCD"), mood disorder/bipolar disorder, and dependent personality disorder did not meet or equal any Appendix 1 listing. Tr. 12. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels , but must avoid even moderate exposure to fumes, odors, dusts, gases, and poor ventilation and is limited to only simple work activities on a routine basis which do not involve any contact with the general public. Tr. 16. With the assistance of a vocational expert, the ALJ then found that Plaintiff could perform work as an assembly worker (plumbing hardware assembler and assembler-light fixtures), production inspector, and lamp inspector. Tr. 22.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on August 14, 2012. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 7, 8, 9.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.    The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the

4

workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

After reviewing the evidence in this case, the undersigned finds that remand is necessary to allow the ALJ to reconsider Plaintiff's mental impairments. The evidence supports Plaintiff's allegations of difficulty being around others, revealing that he would require work that allow him to work independently. Tr. 35-37, 237-242,264-265279-284. The ALJ acknowledged that these limitations were supported by the record, however, he failed to fully incorporate them into his RFC assessment. Specifically, he failed to make provisions for Plaintiff's difficulty working with or near co-workers and supervisors. As such, this matter must be remanded for further consideration.

Additionally, at the administrative hearing, Plaintiff requested that the record remain open for 30 days to allow him to obtain records from TriCounty Mental Healthcare Center , where he was treated for two years.[1] His request was granted ,but a review of the record reveals that these treatment notes are not included. Although it appears Plaintiff initially requested the records from the wrong location, there is nothing to indicate why his second attempt to obtain these records was unsuccessful. As such, on remand, the ALJ is directed to develop the record with regard to these treatment records. *See Snead v. Barnhart*, 360 F.3d 834, 838-39 (8th Cir. 2004) ("Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case" to discover "evidence [which] might . . . alter[] the outcome of the disability determination"). It is clear to the

---

[1]Plaintiff's contention that he was treated at TriCounty is bolstered by the statement of his girlfriend, who submitted a statement indicating that they met several years prior while at TriCounty. Tr. 222.

undersigned that these records would be both relevant and material to Plaintiff's disability determination.

IV.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 25th day of July 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE